T.C. Memo. 2003-157

UNITED STATES TAX COURT

SUSAN L. ROSETTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11514-01.                    Filed May 28, 2003.

Susan L. Rosetti, pro se.

<u>Stephen R. Takeuchi</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice of deficiency dated June 22, 2001, respondent determined a $574 deficiency relating to petitioner's 1998 Federal income tax return.  After concessions, the sole issue for decision is whether petitioner is entitled to a $2,000 Individual Retirement Account (IRA) deduction relating to 1998.

FINDINGS OF FACT

On her timely filed 1998 Federal income tax return, petitioner reported $43,209 in wages, claimed a $2,000 IRA deduction, and elected married filing separately status. On June 22, 2001, respondent disallowed the deduction and determined a $574 deficiency.

During 1998, petitioner was a real estate agent and an employee of the State of Florida, Department of Transportation. She had a defined benefit plan sponsored by the Florida Retirement System (FRS plan),[1] which required employers to pay all funding costs and provided that employees' benefits vest in 10 years.

In 1998, petitioner made a $2,000 contribution to a Keogh plan that was established prior to her employment with the State of Florida.

Petitioner resided in Tampa, Florida, at the time the petition was filed.

OPINION

Generally, a taxpayer is entitled to deduct the amount contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year, however, may not exceed the lesser of $2,000 or an amount equal to the compensation

---

[1] Under the FRS plan, participation, as of the date of employment, is compulsory for those employed on or after December 1, 1970. Fla. Stat. Ann., sec. 121.051(1)(a) (West 2002).

includable in the taxpayer's gross income for such taxable year.
See sec. 219(b)(1). In addition, the amount of the deduction is
limited where the taxpayer was, for any part of the taxable year,
an "active participant" in a retirement plan qualified under
section 401(a)[2] or a plan established for its employees by the
United States, by a State or political subdivision thereof, or by
any agency or instrumentality of any of the foregoing. Sec.
219(g)(1), (5)(A)(i), (iii). No deduction is allowed for an
active participant who is married filing a separate return and
whose adjusted gross income exceeds $10,000. See sec.
219(g)(3)(iii).

Petitioner contends that she is entitled to a $2,000 IRA
deduction. We disagree. Petitioner made a contribution to a
Keogh plan rather than an IRA. Although taxpayers with "earned
income" from self-employment are eligible to deduct contributions
made to a qualified Keogh plan,[3] petitioner, in 1998, received
wages from the Department of Transportation and interest income
but did not receive any earned income from self-employment. See
secs. 401(c)(1) and (2)(A), 404(a)(8)(C), and 1402(a), (c).
Accordingly, petitioner's contributions to the Keogh plan are not

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] Keogh plans are retirement plans for self-employed individuals.

tax deductible.  Even if the contribution had been made to an IRA, petitioner would not be entitled to a deduction because she was married filing a separate return, an active participant in the FRS plan, and earned more than $10,000 during 1998.  Sec. 219(g).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.